IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RONALD A. CUP** *on behalf of himself and all other persons similarly situated;* and **UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,**

        Plaintiffs,

        v.

**AMPCO-PITTSBURGH CORPORATION**, **AKERS NATIONAL ROLL COMPANY**, and **AKERS NATIONAL ROLL COMPANY HEALTH & WELFARE BENEFITS PLAN,**

        Defendants.

17cv0189
ELECTRONICALLY FILED

## MEMORANDUM ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ARBITRATION

### I.   Introduction

This action was brought by Plaintiff Ronald Cup and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union, AFL-CIO ("USW" or the "Union") (collectively, the "Plaintiffs"), on behalf of a class of retired employees of the Ampco-Pittsburgh Corporation and Akers National Roll Company (collectively, the "Company"), and the Akers National Roll Company Health & Welfare Benefits Plan (together with the Company, "Defendants"), alleging that the Company impermissibly eliminated health plan coverage for pre-Medicare eligible retirees who retired prior to March 1, 2015, and their spouses and covered dependents, when the Company announced that members of

that class of retired employees would no longer be covered under the Company health plan, but would instead be given a limited monthly reimbursement for health insurance to be purchased on the private market. Amended Complaint, Doc. No. 25.

In Count I of the Amended Complaint, the Union alleges that the Company's elimination of the retiree health benefits violates the current collective bargaining agreement between the Parties (the "2015 CBA"), and seeks an order pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to compel the Company to arbitrate USW's grievance in accordance with the 2015 CBA's grievance and arbitration provision. Doc. No. 25, ¶ 57. Alternatively, Plaintiffs brought Counts II and III alleging that the Company's elimination of the retiree health benefits breaches the Company's obligations under its collective bargaining agreements in violation of the LMRA, and terminates retiree healthcare benefits for the class of retired employees in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

Two motions are currently pending before the Court: Defendants' Motion to Dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), doc. no. 36, and Plaintiffs' Motion to Compel Arbitration, doc. no. 40. The Court has reviewed the Parties' thorough briefing of these motions. Doc. Nos. 37, 41, 43, 45, 46, and 47. For the reasons that follow, the Court will GRANT Plaintiffs' Motion to Compel Arbitration and dismiss Counts II and III of Plaintiffs' Amended Complaint without prejudice, doc. no. 40, and DENY AS MOOT Defendants' Motion to Dismiss, doc. no. 36.[1]

---

[1] Because the Court finds that this matter is covered by the Parties' arbitration provision in the 2015 CBA, it will not address the potential merits of the underlying claims. *See Bell Atlantic-Pennsylvania, Inc. v. Communications Workers of America, AFL-CIO, Local 13000*, 164 F.3d 197, 201 (3d Cir. 1999) (If a court determines that a dispute is covered by the parties' agreement to arbitrate, "any further matters surrounding the dispute are to be submitted to the arbitration procedure.")

## II. Standard of Review

The United States Court of Appeals for the Third Circuit directs that there is a "strong federal policy in favor of resolving labor disputes through arbitration[,]" and that the legal principles used to evaluate the construction and enforcement of arbitration agreements must be applied with that policy in mind. *Rite Aid of Pennsylvania, Inc. v. United Food and Commercial Workers Union, Local 1776*, 595 F.3d 128, 131 (3d Cir. 2010). The Court of Appeals distinguishes between "narrow" arbitration clauses and "broad" ones - - finding that broad arbitration clauses "give[] rise to a presumption of arbitrability which may be rebutted only by 'the most forceful evidence of a purpose to exclude the claim from arbitration.'" *Rite Aid*, 595 F.3d at 131 (quoting *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 650 (1986).

A party seeking to avoid arbitration, therefore, must either "(1) establish the existence of an express provision excluding the grievance from arbitration; or (2) provide the most forceful evidence of a purpose to exclude the claim from arbitration." *Lukens Steel Co. v. United Steelworkers of America*, 989 F.2d 668, 673 (3d Cir. 1993). "Federal courts liberally construe arbitration clauses—so much so that 'any doubts as to whether an arbitration clause may be interpreted to cover the asserted dispute should be resolved in favor of arbitration.'" *DCK North America, LLC v. Burns and Roe Services Corp.*, 218 F. Supp. 3d 465 (W.D. Pa. 2016) (quoting *Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH*, 585 F.2d 39, 44 (3d Cir. 1978).

The United States Supreme Court has held that a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies,* 475 U.S. at 650. *See also Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513,

3

524 (3d Cir. 2009). However, traditional principles of contract law still apply even where the arbitration clause at issue is broad, and a court cannot order arbitration of matters outside the scope of the arbitration clause. *United Steelworkers of America, AFL-CIO-CLC v. Rohm & Haas Co.,* 522 F.3d 324, 332 (3d Cir. 2008).

**III.  Discussion**

The Parties' 2015 CBA contains an arbitration provision that applies to disputes "between the Company and the Union or its members as to interpretation or application of, or compliance with the provisions of this Agreement[.]" Doc. No. 45, pp. 10-11; Doc. No. 25-1, p. 3. Section 19 of the 2015 CBA provides that "[t]he employees covered by this Agreement are also covered by the following Plans: Medical Insurance[,] Life Insurance[,] Pension[,] Accident and Sickness Benefits[,] FMLA Policy[, and] 401-K Plan[.]" Doc. No. 25-1, p. 6.

The Court finds that the 2015 CBA contains a broad arbitration provision that does not expressly narrow or limit the types of disputes that the Parties intend to resolve through their agreed-upon arbitration procedures. Accordingly, the presumption of arbitrability applies, and it falls to the Company to set forth "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies,* 475 U.S. at 650. Here, although this is a close case, the Company has not established the "positive assurance" sufficient to show the Court that this dispute should not fall under the arbitration provision in the 2015 CBA.

The Company correctly argues that the crux of Plaintiffs' claim hinges on terms contained in a 2015 Memorandum of Agreement by the Parties during the collective bargaining process that ultimately resulted in the 2015 CBA. *See* Doc. No. 46. However, it follows that whether and to what extent the terms of the 2015 Memorandum of Agreement confer medical

4

insurance benefits to the class of retired employees is a dispute that falls under the broad provision covering the "interpretation or application of, or compliance with the provisions of [the 2015 CBA]" - - which expressly includes "Medical Insurance" as an included "Other Plan". Doc. No. 25-1, p. 3.

The Court finds this case distinguishable from those relied upon by the Company in support of its argument: *Rohm & Haas Co.*, 522 F.3d 324, and *Cardionet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014). In *Rohm & Haas*, although the Court of Appeals found that the arbitration provision was "broad" as it covered "wages, hours, and working conditions of the . . . employees[]" and "[s]uch questions arising under this Agreement as involve wages (other than general adjustments), individual base rates, hours of employment and working conditions which any employee may desire to discuss with the Company[,]" the Court of Appeals also found that the dispute at issue - - the extent of disability benefits available to the Plaintiffs - - was not covered under the broad provision as a "working condition" (as distinguishable from a "condition of employment") and was therefore not subject to arbitration. 522 F.3d at 332-34.

In *Rohm & Haas*, as here, the collective bargaining agreement alluded to the disability benefits only as another plan under which employees would be covered. *Id.* at 334. However, the factual basis for the dispute in *Rohm & Haas* is quite different than here, as it was based upon the denial of benefits provided for under the disability benefits plan and not under the collective bargaining agreement. *Id.* Here, the dispute is not based upon whether or not the medical insurance plan provides certain benefits to the class of retired employees, but whether or not the Company agreed to provide the medical insurance plan to the class.

In *Cardionet*, the Court of Appeals found that an arbitration provision contained in an agreement between medical device providers and CIGNA Health Corporation was limited in its

5

scope to disputes "regarding the performance or interpretation of the Agreement" between the parties and that the claim at issue - - whether or not the medical device providers were harmed by allegedly false and misleading statements in a publication - - was not related to the Agreement between the parties at all, but could have been brought by any provider of the medical device at issue. 751 F.3d at 174-75 ("[W]hether CIGNA performed its obligations under the Agreement has no bearing on whether it harmed the Providers by providing physicians with misleading information on [the medical device].") The facts in *Cardionet* render it inapposite. The dispute here is inextricably related to the 2015 CBA and collective bargaining between the Parties.

As Plaintiffs argue in their Reply brief, the Company has conceded that "this lawsuit is about the interpretation of collective-bargaining agreements that define rights to welfare benefits plans." Doc. No. 47 (quoting Doc. No. 37). For the Court to find in favor of the Company as it urges, the Court would necessarily have to interpret the 2015 CBA as the Company has. However, the Parties to the 2015 CBA have expressly provided that "interpretation or application of, or compliance with the provisions" of the 2015 CBA are to be resolved through the arbitration procedure contained within that agreement.

The presumption of arbitrability and the strong federal policy favoring arbitration of labor disputes further tip this case in favor of granting Plaintiffs' Motion to Compel Arbitration. As the Court of Appeals has recognized, labor arbitrators possess "superior expertise in the mechanics of collective bargaining and collective bargaining agreements, greater understanding of the law of the shop, and greater efficiency in resolving labor disputes." *Rohm & Haas*, 522 F.3d at 330; and *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 399 (3d Cir. 1994).

### III. Conclusion

Accordingly, Plaintiffs' Motion to Compel Arbitration, doc. no. 40, is GRANTED and Counts II and III of Plaintiffs' Amended Complaint are dismissed without prejudice. Defendants' Motion to Dismiss, doc. no. 36, is DENIED AS MOOT. This case shall be ADMINISTRATIVELY CLOSED. However, the Court will ORDER that the Parties complete the Alternative Dispute Resolution process as agreed to in the Parties' Stipulation Selecting ADR Process, doc. no. 35, prior to the arbitration of this matter.

SO ORDERED, this 13th day of June, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge