IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RONALD A. CUP**, *on behalf of themselves and all other persons similarly situated;* and **UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,**

        Plaintiffs,

v.

**AMPCO-PITTSBURGH CORPORATION, AKERS NATIONAL ROLL COMPANY, AKERS NATIONAL ROLL, COMPANY HEALTH & WELFARE BENEFITS PLAN,**

        Defendants.

17cv0189
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND DENYING PLAINTIFFS' MOTION TO ENFORCE AS MOOT**

On June 13, 2017, this Court entered an Order granting Plaintiffs' Motion to Compel Arbitration on Count I of the Amended Complaint, dismissing Counts II and III of the Amended Complaint without prejudice, and administratively closing the case. Doc. No. 50. On June 21, 2017, Defendants filed a Notice of Appeal of the Court's Order to the United States Court of Appeals for the Third Circuit. Doc. No. 52. Now pending before this Court is Defendants' Motion to Stay the arbitration of this matter compelled by the Court's Order pending the outcome of the appeal, doc. no. 55, and Plaintiffs' Motion to Enforce the Court's Order, doc. no. 59.

For the reasons that follow, the Court will deny Defendants' Motion to Stay and deny as moot Plaintiffs' Motion to Enforce.

**I.      Legal Standards**

When deciding whether to grant a stay pending appeal, the Court should consider four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015).

When assessing the four relevant factors, courts must "balance them all." *In re Revel AC, Inc.*, 802 F.3d at 568. The first two factors are "the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing the "traditional test for stays"). "It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999).

**II.     Discussion**

   *1. Likelihood of Success on the Merits*

Defendants largely repeat the arguments made in their prior filings moving to dismiss the case and to oppose Plaintiffs' Motion to Compel Arbitration to argue now that they have a likelihood of success on the merits of their appeal. Plaintiffs highlight two salient points to show

otherwise: first, the Court of Appeals has directed the Parties to address whether it has jurisdiction over the appeal, stating:

> An appeal may not be taken from an interlocutory order granting a stay of proceedings, or compelling arbitration when the order does not dismiss the underlying claims. . . . Specifically, Count I of the amended complaint, which has been referred to arbitration, has not yet been dismissed.

Case No. 17-2349, June 26, 2017 Order.

Second, although this Court commented that "this is a close case" in its Order compelling arbitration, Plaintiffs rightfully argue that there is a general policy favoring arbitration and "in close cases, doubts should be resolved in favor of arbitration." *In re Kaiser Group International, Inc.*, 307 B.R. 449, 457 (D. Del. 2004).

Defendants also assert that there is Supreme Court authority which strongly favors resolution of Counts II and III of the Amended Complaint in their favor. Doc. No. 56, p. 3. Counts II and III were dismissed without prejudice and are not at issue in Defendants' appeal. Doc. No. 50.

Defendants have not shown they are likely to succeed on the merits of their appeal.

### 2. Risk of Irreparable Injury to Defendants

Defendants argue that they will suffer irreparable injury "by being required to proceed in an arbitration which may be rendered moot by the appeal, or which may itself moot the appeal." Doc. No. 62, p. 5. Defendants complain that "the time, expense, and burden of arbitration would be wholly unnecessary" if Defendants are successful on appeal. Doc. No. 56, p. 6. Although it is true that proceeding through the arbitration process delineated in the 2015 CBA will involve some time and expense for both parties, that burden does not rise to the level of an irreparable injury that warrants a stay.

Indeed, several courts have held that an order to arbitrate does not establish irreparable harm that warrants a stay pending appeal. *See Graphic Communications Union, Local No. 2 v. Chicago Tribune Co.,* 779 F.2d 13 (7th Cir. 1985); *Valspar Corp. v. National Union Fire Ins. Co. of Pittsburgh*, 81 F. Supp. 3d 729 (D. Minn. 2014); and *United Food v. Fresh Seasons Market, LLC*, 2016 WL 6634874 (D. Minn. Nov. 8, 2016). As the United States Court of Appeals for the Seventh Circuit explained in *Graphic Communications Union*, if a court order to arbitrate established irreparable harm that warrants a stay, such orders would be routinely stayed while the disappointed party appealed and "would make a mockery of arbitration as a swift and effective remedy in labor disputes." 779 F.2d at 15.

### 3. *Risk of Substantial Injury to Plaintiffs*

At issue in this case is whether Defendants could unilaterally remove pre-Medicare retirees from a health care plan and, instead, offer reimbursement of a certain amount for the retirees to purchase a different health care plan from the open market. Plaintiffs have set forth evidence showing that the options for alternate health care plans for these retirees are limited, and that comparable benefits are much more expensive. Doc. No. 58. Defendants argue that some of the retirees, like Plaintiff Cup, are now covered under a spouse's health care plan[1] and are thus not at risk of any injury. Doc. No. 62. Defendants also argue that only Plaintiff United Steelworkers moved to compel arbitration and therefore Cup and the other retirees cannot assert any risk of injury stemming from a stay of arbitration proceedings that they did not request. Doc. No. 56.

The Court finds that there is risk of substantial injury to the pre-Medicare retirees, and that it is appropriate to consider the risk of injury to them. Although some may have found

---

[1] Plaintiffs set forth evidence to show that Plaintiff Cup's new health care plan may have an affordable premium, but comes with a high deductible and less generous benefits than the former retiree health care plan. Doc. No. 58.

health care insurance plans at a comparable premium cost, the risk of injury to this group is more likely to arise from the decrease in the level of benefits available to the retirees under these alternate plans, as Plaintiffs have shown that the health care plan to which they allege they are entitled offered no deductible costs and complete coverage for in-network benefits.

   *4. Public Interest*

Finally, the Court finds that the public interest factor weighs against granting a stay of the arbitration proceedings. There is a strong public interest in favor of arbitration - - which is intended to be a more efficient, cost-effective method to quickly resolve disputes between parties. Staying the arbitration proceedings while Defendants litigate their appeal would defeat those goals.

**III. Conclusion**

Accordingly, Defendants' Motion to Stay the Final Order of this Court Compelling Arbitration, [doc. no. 55](), is DENIED. Plaintiffs' Motion to Enforce this Court's June 13, 2017 Order, [doc. no. 59](), is DENIED AS MOOT in light of this Memorandum Order; however, it is without prejudice to Plaintiffs refiling said request if the arbitration process is further delayed.

SO ORDERED, this 3rd day of August, 2017,

/s Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge