UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. CUP, on behalf of himself and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, <br><br> Plaintiffs, <br> v. <br><br> AMPCO-PITTSBURGH CORPORATION, AKERS NATIONAL ROLL COMPANY, and AKERS NATIONAL ROLL COMPANY HEALTH & WELFARE BENEFITS PLAN, <br><br> Defendants. | Civ. A. No. 2:17-cv-00189-AJS <br><br> Judge Arthur J. Schwab <br><br> Class Action <br><br> Demand for Jury Trial |

**ORDER OF COURT**

AND NOW, this 28th day of MARCH, 2019, upon consideration of Plaintiffs' Motion for (1) Class Certification, (2) Preliminary Approval of Class Action Settlement Agreement, (3) Approval of Class Notice, and (4) Order Setting Date for Final Fairness Hearing, it is **ORDERED** that the motion is **GRANTED**. The Court, having reviewed the motion, supporting memorandum of law, the Settlement Agreement, the Class Notice, and the entire record in this case, orders as follows:

1. The Court defines the class under Fed. R. Civ. P. 23 in this litigation for settlement purposes only (the "Settlement Class") as follows:

> Former employees of the Company or its predecessors at its manufacturing facility in Avonmore, Pennsylvania who: (1) retired before March 1, 2015, (2) were represented by the USW at the time of retirement, and (3) were eligible for health care benefits

from the Company as of January 1, 2017 (because they were not yet Medicare eligible); as well as

The spouses or surviving spouses of former employees of the Company or its predecessors at its manufacturing facility in Avonmore, Pennsylvania who: (1) retired before March 1, 2015 and (2) were represented by the USW at the time of retirement; where such spouses or surviving spouse were eligible for health care benefits from the Company as of January 1, 2017 (because they were not yet Medicare eligible).

2. Fed. R. Civ. P. 23(a) is satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

3. The class may be certified under Fed. R. Civ. P. 23(b)(1)(A), because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

4. The class may be certified under Fed. R. Civ. P. 23(b)(2), because Defendants acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

5. The Court appoints Named Plaintiff Ronald A. Cup to represent the Settlement Class.

6. The Court appoints Feinstein Doyle Payne & Kravec, LLC, as Class Counsel pursuant to Fed. R. Civ. P. 23(g), and finds that they will fairly and adequately represent the Class.

7. The Settlement Agreement is preliminarily approved subject to notice and a fairness hearing. The Court preliminarily finds that the Settlement is capable of being finally

2

approved under the Third Circuit's factors guiding the approval of class action settlements.

8. The Court has preliminarily considered the following factors:

   (1) the complexity, expense and likely duration of the litigation;

   (2) the reaction of the class to the settlement;

   (3) stage of the proceedings and the amount of discovery completed;

   (4) risks of establishing liability;

   (5) risks of establishing damages;

   (6) risk of maintaining the class action through the trial;

   (7) ability of the defendants to withstand a greater judgment;

   (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

   (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

9. The Court concludes that these factors favor preliminary approval of the proposed settlement and that the settlement is fair, reasonable, and adequate.

10. The Court also finds that the Settlement Agreement appears to be the product of arm's-length negotiations by experienced counsel on both sides, and that there was sufficient discovery for the parties to each take stock of the case, appreciate the value of the claims, and negotiate a settlement in light of the costs and risks of continuing with the litigation.

11. Furthermore, the Court finds that Plaintiffs are represented by experienced counsel who have competently evaluated the strength of their proofs and are well-situated to evaluate the strengths of Plaintiffs' claims and Defendants' defenses.

12. The Court has reviewed the proposed form of the Class Notice, attached to the Settlement Agreement as Exhibit 3, and finds that it complies with the requirements of Fed. R.

3

Civ. P. 23(e) and (h), and fairly presents the terms of the Settlement Agreement and the Settlement Class members' rights and responsibilities in the settlement approval process.

13. The Court directs that notice of the Settlement Agreement be provided to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1) and (h)(1).

14. Within seven calendar days following preliminary approval, Defendants shall, at their own expense, mail the Class Notice via first class mail to all Settlement Class members as set forth in the Settlement Agreement.

15. The mailing of the Class Notice to Settlement Class members provides due and sufficient notice of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the fairness hearing and that objectors may be heard. The Court finds that such notice is the best notice practicable under the circumstances and will effectuate actual notice to the Settlement Class of the settlement. The form of notice under the Class Action Fairness Act of 2005 ("CAFA"), submitted as Exhibit 2 to the Settlement Agreement, complies with the requirements of CAFA and will, upon mailing, discharge the Defendants' obligations pursuant to CAFA.

16. A hearing will be conducted before this Court on July 22, 2019 [date at least 100 days after entry of this Order] at 9:00 A.M. [time] to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement ("Final Fairness Hearing").

17. Any Settlement Class member who wishes to object to the Settlement or otherwise to be heard concerning the Settlement shall timely file with the Court a statement of his or her objections, specifying the reasons for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention. The objector must also mail

4

the objection and all supporting law and evidence to Plaintiffs' Counsel and Defendants' counsel at the following addresses: (a) Pamina Ewing and Ruairi McDonnell, FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Fourth Avenue, Law & Finance Building, Suite 1300, Pittsburgh, PA 15219 and (b) Stephanie Reiss, MORGAN, LEWIS & BOCKIUS, LLP, One Oxford Centre, 32nd Floor, Pittsburgh, PA 15219.

18.  To be considered timely, the objection must be postmarked no later than thirty (30) calendar days before the Final Fairness Hearing. If an objector hires an attorney to object pursuant to these Paragraphs, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court no later than thirty (30) calendar days before the Final Fairness Hearing. Any person or entity who fails to submit such a timely objection shall be barred from making any statement objecting to this Settlement, including at the Final Fairness Hearing, and shall forever waive his or her objection(s), except by special permission of the Court.

19.  Any Party may submit a response to an objection and may file with the Court and serve on Plaintiffs' Counsel, counsel for Defendants, and the objector (and his or her counsel) a written response no later than fourteen (14) calendar days before the Final Fairness Hearing.

20.  Any objector who files and serves a timely, written objection may appear at the Final Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors and their attorneys intending to appear at the Final Fairness Hearing must include in his or her objection the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney). Any objector who does not timely file an objection shall not be permitted to appear at the Final Fairness Hearing, except for good cause shown. Pending final determination of whether the Settlement Agreement should be

5

approved, the Plaintiffs and Settlement Class members are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court, tribunal, or other forum, including arbitration, asserting any of the Released Claims against the Released Parties.

21. The hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Settlement Class, except that notice will be provided to any Settlement Class member who has timely filed an objection.

BY THE COURT:

_____
Judge Arthur J. Schwab