UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. CUP, on behalf of himself and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> AMPCO-PITTSBURGH CORPORATION, AKERS NATIONAL ROLL COMPANY, and AKERS NATIONAL ROLL COMPANY HEALTH & WELFARE BENEFITS PLAN, <br><br> Defendants. | Civ. A. No. 2:17-cv-00189-AJS <br><br> Judge Arthur J. Schwab <br><br> Class Action <br><br> Demand for Jury Trial |

[PROPOSED] **FINAL APPROVAL ORDER AND JUDGMENT**

Wherefore, this 22nd day of July, 2019, upon consideration of the Plaintiffs' Motion for Final Approval of the Settlement of the Action under the terms of a Settlement Agreement filed with this Court on March 27, 2019, (the "Settlement Agreement"[1]), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

---

[1] The Settlement Agreement appears in the record at Dkt. #87-1.

2.     On March 28, 2019, the Court granted Plaintiffs' motion for class certification and preliminary approval, certifying the following Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only:

> Former employees of the Company or its predecessors at its manufacturing facility in Avonmore, Pennsylvania who: (1) retired before March 1, 2015, (2) were represented by the USW at the time of retirement, and (3) were eligible for health care benefits from the Company as of January 1, 2017 (because they were not yet Medicare eligible); as well as
>
> The spouses or surviving spouses of former employees of the Company or its predecessors at its manufacturing facility in Avonmore, Pennsylvania who: (1) retired before March 1, 2015 and (2) were represented by the USW at the time of retirement; where such spouses or surviving spouse were eligible for health care benefits from the Company as of January 1, 2017 (because they were not yet Medicare eligible).

The Court now finally approves certification of the Settlement Class and the Settlement Agreement.

3.     In accordance with the Court's Preliminary Approval Order, Class Notice was timely distributed by first-class mail to all Settlement Class members. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class member resides, and the Attorney General of the United States.

4.     The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Fairness Hearing and the rights of all Settlement Class members have been provided to all people, powers and entities entitled thereto.

5.  All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

6.  Settlement Class members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

7.  There have been no objections to the settlement.

8.  The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Actions is APPROVED as fair, reasonable and adequate to the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

9.  This Court further approves a one-time payment of two hundred fifty dollars ($250) by check to Named Plaintiff as an incentive award to compensate him for his unique services in initiating and/or maintaining this litigation.

10. The operative complaints and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Parties other than as provided for in the Settlement Agreement. Per the terms of the Settlement Agreement, Settlement Class members, Named Plaintiff, and the USW fully release Defendant Released Parties from any and all Defendant Released Claims and Defendants fully release Plaintiffs from any Plaintiff Released Claims.

11. The Plaintiffs and Settlement Class members individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert Defendant Released Claims in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an

arbitration or a proceeding before any state insurance or other department or commission). Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

12.  The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class members herein pursuant to the provisions of the LMRA and ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

13.  Upon entry of this Order, the Parties shall be bound by the Settlement Agreement (including any amendments) and by this Final Approval Order.

SO ORDERED.

*[Signature]*
Hon. Judge Arthur J. Schwab
United States District Court Judge

4